UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| WESTPORT INSURANCE CORPORATION,<br><br>    Plaintiff,<br><br>    v.<br><br>THE MARKHAM GROUP, INC., P.S., MARK KAMITOMO, and RACHEL NAIDU, Individually and as Personal Representation of the ESTATE of JAMES L. OVERCASH,<br><br>    Defendants. | NO. CV-08-221-RHW<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION** |

Before the Court is Plaintiff's Motion for Reconsideration (Ct. Rec. 112). The motion was heard without oral argument.

On August 26, 2009, the Court entered an order granting Defendant's Motion for Summary Judgment and denying Plaintiff's Motion for Summary Judgment (Ct. Rec. 104). Judgment was entered in favor of Defendant and against Plaintiff with respect to Plaintiff's request for declaratory judgment (Ct. Rec. 105). On October 2, 2009, Plaintiff filed its Motion for Reconsideration (Ct. Rec. 112).

In the Order, the Court concluded that the term "might," as applied to the facts in this case was ambiguous because it does not clearly indicate when a claim might be excluded. The Court found eight potential triggering events that would seemingly indicate that an act, error, or omission, committed by Mr. Kamitomo might be the basis for a claim.

**ORDER DENYING
PLAINTIFF'S MOTION FOR RECONSIDERATION ~ 1**

"[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law. *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citation omitted). A party is not permitted to raise arguments or present evidence for the first time through a Rule 59(e) motion when the arguments could reasonably have been raised earlier in the litigation. *Id.*

Plaintiff has failed to cite to the standard of review for motions for reconsideration, so it is not clear to the Court which circumstance is present in this case. The Court assumes that Plaintiff believes the Court committed clear error.

Pursuant to Fed. R. Civ. P. 59(e), a motion to alter or amend judgment must be filed no later than 10 days after the entry of the judgment. It is undisputed that Plaintiff's motion is untimely. Defendants pointed this out in their response. Plaintiff failed to file a timely reply. *See* LR. 7.1 (reply memorandum shall be filed five days after the service of the responsive memorandum).

The Court notes that under Plaintiff's theory of coverage pursuant to its malpractice policy, the failure to file a timely motion for reconsideration in this court might cause a claim to be made against the attorney that let the deadline lapse. As such, it would be a triggering event that would require its own attorneys to notify their insurance carrier of a potential malpractice claim. If the Court denies the motion because it was untimely filed, at the minimum, the client could feasibly recover the fees associated with filing the untimely motion. As such, in order to obtain coverage, the attorneys would have notified their carrier as soon as the deadline for filing the motion passed. Another option woul gbe to wait to see if the other side raised the issue of timeliness. Or, as contended by the Plaintiff's here, the duty to tell the client would depend on how the Court addressed the timeliness issue. If the Court exercises its discretion to hear the motion, any potential claim would be cured. If not, then the unnecessary work will have

**ORDER DENYING**
**PLAINTIFF'S MOTION FOR RECONSIDERATION ~ 2**

resulted in potential unwarranted fees to the client. Likewise, if Plaintiff appeals, and the Ninth Circuit reverses, the injury to the client may be cured, and there would be no need to report the claim to the carrier. A reasonable lawyer would not know what was the triggering event in this scenario if the Plaintiff's construction of 'might' was applied.

In its order, the Court concluded that the term "might" was ambiguous. Under Washington law, the Court is to construe any ambiguity against the drafter and find that the exclusionary language is ineffective. *Lynott v. National Union Fire Insur. Co.*, 123 Wash. 2d 678, 690 (1994). Plaintiff has not presented any new arguments to the Court. Plaintiff had numerous opportunities to present its position. It filed a motion for summary judgment and submitted a supporting memorandum and a reply. It also responded to Defendant's motion for summary judgment. Plaintiff has not argued that this is not the correct statement of Washington law. Plaintiff disagrees with the Court's conclusion that the term "might" presented an ambiguity, but has failed to convince the Court that its reasoning was in error.

In its Order, the Court recognized that whether prejudice was required to be shown was an issue of first impression for Washington courts in a circumstance such as this. In reviewing Washington law, the Court concluded that the Washington courts would have concluded that the balance of fairness had been tipped disproportionally against the insured in this case, where the attorney has continually obtained coverage from the same carrier for over a ten-year period and where the insurer is invoking an exclusionary provision to deny coverage after the insured has given notice as required by the policy. Again, Plaintiff has not argued that it was prejudiced. Instead, it merely argues that the language of the policy permitted it to deny coverage in this instance.

///

///

**ORDER DENYING
PLAINTIFF'S MOTION FOR RECONSIDERATION ~ 3**

1   Accordingly, **IT IS HEREBY ORDERED**:

2   1.   Plaintiff's Motion for Reconsideration (Ct. Rec. 112) is **DENIED**.

3   **IT IS SO ORDERED.**  The District Court Executive is directed to enter this

4   Order and to provide copies to counsel.

5   **DATED** this 23rd day of October, 2009.

7   *s/Robert H. Whaley*

8   ROBERT H. WHALEY
    United States District Court

10  Q:\CIVIL\2008\Westport Insurance\deny.reconsider.ord.wpd

**ORDER DENYING
PLAINTIFF'S MOTION FOR RECONSIDERATION** ~ 4